HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 3:22-cv-5150-JHC |
| Plaintiff, | |
| v. | STATUS REPORT AND DISCOVERY PLAN |
| S-RAY INCORPORATED and STEPHEN ALEXANDER BAIRD, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26, and the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Docket No. 9) the Plaintiff Securities and Exchange Commission ("SEC") hereby submits the following Status Report and Discovery Plan. Although the SEC's counsel conferred with counsel for S-Ray Incorporated ("S-Ray"), and with Stephen Alexander Baird, who is not represented by counsel, regarding the topics set forth below – including during a pre-arranged teleconference and then by providing a draft Report – neither of the Defendants provided input into this Status Report.

1. **Statement of the Nature and Complexity of the Case**

The SEC filed this civil enforcement action in March 2022 alleging that S-Ray, and Mr.

STATUS REPORT AND DISCOVERY PLAN
*SEC V. S-RAY, INC. ET AL.* (NO. 3:22-cv-5150-JHC)

1

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2445

Baird as its Chief Executive Officer, Chairman and sole board member, engaged in securities fraud in violation of the antifraud provisions of the federal securities laws, namely Section 17(a) of the Securities Act of 1933 ("Securities Act"), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rule 10b-5.  15 U.S.C. §§ 77q(a) & 78j(b); 17 C.F.R. § 240.10b-5.  The SEC's allegations focus on an offering of securities to investors over a period spanning 2018 through 2020 in which a total of approximately $2 million in S-Ray securities were sold.  As set forth in the complaint, the SEC alleges that in connection with the purchase and sale, and in the offer and sale of the securities, Defendants made false and misleading statements regarding S-Ray's customers, orders for its products, and its revenue potential.

Neither of the Defendants has answered the complaint.

**2. Proposed Deadline for Joining Additional Parties**

No additional parties are contemplated, so the SEC proposes a short deadline of July 29, 2022 for joining additional parties.

**3. Do the Parties All Consent to Magistrate Judge J. Richard Creatura to Conduct All Proceedings, Including Trial and Entry of Judgment?**

No.

**4. Discovery Plan**

(A)   Initial Disclosures

Per the Court's prior Order (Docket No. 9), the SEC served its Initial Disclosures on June 13, 2022.  Defendants have not served disclosures.

(B)   Subjects, Timing, and Potential Phasing of Discovery

The SEC conducted an investigation that preceded the filing of this case during which it obtained documents, including from third parties to this suit.  The SEC also obtained sworn testimony.  The SEC anticipates providing an electronic copy for both Defendants of the materials obtained during its investigation.

To the extent the parties require additional discovery, it need not occur in phases.  The SEC may take depositions of persons formerly associated with S-Ray, or its purported clients, or

STATUS REPORT AND DISCOVERY PLAN
*SEC V. S-RAY, INC. ET AL.* (NO. 3:22-cv-5150-JHC)

2

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2445

its investors, especially to preserve testimony. In meeting and conferring, the parties did not anticipate needing to take deposition beyond the presumptive limits under Rule 26.

The SEC proposes a Discovery Cut Off for factual discovery of January 27, 2023. The SEC further proposes a deadline of January 27, 2023 to disclose per Rule 26(a)(2) any experts the party might use at trial, and an Expert Discovery Cut Off of March 17, 2023.

(C) <u>Electronically Stored Information</u>

The materials that the SEC has obtained from third persons has been stored electronically, whether or not they were originally produced to the SEC as ESI. In either event, the SEC has maintained the information as provided to us, including any metadata.

In meeting and conferring, the parties recognized the need to maintain records, even ESI, that could be used by any party in support either of claims or defenses to the allegations at issue. The SEC takes any and all reasonable steps to avoid destruction or loss of such materials, including ensuring that ready access to those materials does not lapse, without first informing all other parties to this case so that steps may be taken to preserve them.

(D) <u>Privilege Issues</u>

The SEC does not currently know of any significant privilege issues.

(E) <u>Proposed Limitations on Discovery</u>

In meeting and conferring, the parties discussed that the limitations set forth in the rules are likely to be sufficient for this matter.

(F) <u>Need for Any Discovery Related Orders</u>

Currently, the SEC does not anticipate any discovery related orders, including protective orders.

**5. Parties' (or SEC's) Views re Local Rule 26(f)(1)**

(A) <u>Prompt Case Resolution</u>: the parties have discussed means for informally addressing settlement options.

(B) <u>Alternative Dispute Resolution</u>: in meeting and conferring, the parties discussed the more formal options for ADR that are available, including that such options may need to await some further discovery in this case. In addition, parties have discussed

STATUS REPORT AND DISCOVERY PLAN  
*SEC V. S-RAY, INC. ET AL.* (NO. 3:22-cv-5150-JHC)

3

Securities and Exchange Commission  
44 Montgomery Street, Suite 2800  
San Francisco, California 94104  
(415) 705-2445

means for informally addressing settlement options, and through its counsel, Defendant S-Ray, Inc. expressed an interest in settling.

    (C)    Related Cases: currently, the SEC is not aware of any related case.

    (D)    Discovery Management: the SEC does not currently anticipate obstacles or difficulties in discovery management; the SEC proposes that each party first attempt to consult other parties before embarking on discovery – such as depositions – which requires coordination.

    (E)    Anticipated Discovery Sought: because the SEC conducted an investigation prior to the filing of this case, the SEC has limited needs for further discovery, but is currently attempting through direct discovery with the parties to obtain further documentation for certain transactions; if needed, the SEC will seek this information from third parties, such as banks.

    (F)    Phasing Motions: the SEC does not currently anticipate needing any phased motions.

    (G)    Preservation of Discoverable Information: as described above regarding ESI, and information obtained by the SEC from third parties, the SEC has processes in place to maintain materials obtained from third parties.

    (H)    Privilege Issues: as described above, the SEC does not currently know of any privilege issues.

    (I)    Model Protocol for Discovery of ESI: given the documents available in this case, the SEC does not anticipate needing to use the protocol.

    (J)    Alternatives to Model Protocol: as described above, the SEC expects that the methods for preserving materials should suffice without need for an ESI protocol.

**6. Date By Which Discovery Should Be Completed:**

The SEC suggests the following two dates for the completion of all discovery:

Fact Discovery – January 27, 2023

Expert Discovery – March 17, 2023

STATUS REPORT AND DISCOVERY PLAN
*SEC V. S-RAY, INC. ET AL.* (NO. 3:22-cv-5150-JHC)

4

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2445

**7. Whether This Case Should Be Bifurcated:**

This case may be bifurcated, depending upon whether any party requests a jury trial, which no party has yet requested. If any party requests a jury, then liability alone would be tried before a jury. If no jury is requested, the Court may hear all or part of the case through a trial or a set of hearings. Because the remedies sought by the SEC must be determined by the Court, they are the subject of further, post-trial proceedings if there is a jury trial.

Although the SEC does not seek "damages" it does seek various remedies in this case, each of which is granted (or denied) in the Court's discretion based on different principles. First, the SEC seeks injunctions, pursuant to Section 20 of the Securities Act, 15 U.S.C. § 77t, and Section 21 of the Exchange Act, 15 U.S.C. § 78u, prohibiting Defendants from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 77j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, and enjoining Defendant Baird from participating in the issuance, purchase, offer, or sale of any security. Second, the SEC seeks, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), an order prohibiting Defendant Baird from serving as an officer or director of a public company. Third, the SEC seeks civil monetary penalties for each violation of the securities laws, in amounts to be determined by the Court, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Finally, the SEC seeks an order requiring both Defendants to disgorge ill-gotten gains, with prejudgment interest, pursuant to equitable principles and as recently provided in Section 6501 of the National Defense Authorization Act for Fiscal Year 2021, 15 U.S.C. § 78u(d)(8)(B).

**8. Whether Local Rule 16 Pretrial Orders May Be Dispensed With**

If no party requests a jury, then the Local Rule 16 pre-trial order may be dispensed with.

STATUS REPORT AND DISCOVERY PLAN
*SEC V. S-RAY, INC. ET AL.* (NO. 3:22-cv-5150-JHC)

5

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2445

**9. Shortening or Simplifying the Case**

The SEC does not yet have suggestions for methods to further simplify the case, although the case is fairly streamlined currently.

**10. The Date Parties (or the SEC) Will Be Ready for Trial**

This case should be ready for trial on the presumed one-year anniversary of this Report, or approximately June 30, 2023.

**11. Jury Trial or Non-jury Trial:**

No party has yet requested a jury.

**12. The Number of Trial Days Requested:**

The SEC requests five (5) trial days.

**13. Trial Counsel: Names, Address, Telephone Numbers:**

For the Plaintiff, Securities and Exchange Commission:
Susan F. LaMarca (415-713-5257)
Robert J. Durham (415-705-2445)
Securities and Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

For the Defendant, S-Ray Incorporated:  No trial counsel identified

For the Defendant, Stephan A. Baird:  No trial counsel identified

**14. Dates Imposing Complications for Trial Counsel (for Trial Setting):**

For Plaintiff, SEC:  SEC counsel currently has no conflicts during the period July-August 2023. (Counsel will provide further date ranges at the Court's request.)

**15. All Defendants have been served**.

**16. Any Party Requesting a Scheduling Conference:**

The SEC does not request a conference.

STATUS REPORT AND DISCOVERY PLAN
*SEC V. S-RAY, INC. ET AL.* (NO. 3:22-cv-5150-JHC)

6

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2445

**17. Date of Filing Pursuant to Fed. R. Civ. Proc. 7.1 and Local Rule 7.1:**

It does not appear that the filing has been made.

Dated: June 21, 2022

Respectfully submitted,

*s/ Robert J. Durham*
Robert J. Durham,
 Conditionally Admitted Pursuant to LCR
 83.1(c)(2)
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2445
Facsimile: (415) 705-2501
Email: durhamr@sec.gov
*Attorney for Plaintiff Securities and Exchange Commission*

STATUS REPORT AND DISCOVERY PLAN
*SEC V. S-RAY, INC. ET AL.* (NO. 3:22-cv-5150-JHC)

7

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2445