The Honorable John H. Chun

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>S-RAY INCORPORATED and STEPHEN ALEXANDER BAIRD,<br><br>Defendants. | Case No.: 3:22-cv-05150-JHC<br><br>SEC'S RESPONSE TO DEFENDANT STEPHEN ALEXANDER BAIRD'S MOTION FOR EXTENSION OF TIME<br><br>NOTE ON MOTION CALENDAR: August 12, 2022 |

## I.   SUMMARY

Plaintiff Securities and Exchange Commission (the "SEC"), by and through below-signed counsel, hereby responds to the single-page Motion for Extension filed by Defendant Stephen Alexander Baird ("Baird").  Although styled as an extension of time, the SEC interprets Defendant's Motion as either asking the Court to permit Defendant to seek relief from the Clerk's entry of default against him, or to provide him time in which to so move the Court.

## II.   PROCEDURAL BACKGROUND

On March 15, 2022, the SEC filed its Complaint against Defendants S-Ray, Incorporated and Baird, alleging violations of the antifraud provisions of the federal securities laws.  Defendant Baird was served with the complaint on March 31, 2022.  *See* ECF No. 11.  Defendant Baird's response to the complaint was due on April 21, 2022 but he did not file an answer or other response.

On June 21, 2022, the SEC filed a Status Report and Discovery Plan, describing the Rule 26(f) conference among the parties, but also explaining that Defendants did not participate (or sign) the Status Report and Discovery Plan.  ECF No. 14.  On July 1, 2022, the Clerk of the Court issued a Minute Order requiring the SEC to file a motion for entry of default, or to explain why default is not appropriate.  ECF No. 16.  The SEC served the Order (see Cert. of Service, ECF No. 17), and filed a Motion for Entry of Default as to Defendants Baird and S-Ray Incorporated, and served them as well.  ECF Nos. 18-19 (Motion, Proposed Order, Declaration, and Cert. of Service).  On July 11, 2022, the Clerk of the Court entered default against both Defendants (ECF No. 20), which notice the SEC served on both Defendants the following day.  ECF No. 21.

## III.   STANDARD FOR SETTING ASIDE DEFAULT

Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default "for good cause shown."  Fed. R. Civ. Proc. 55(c).  "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b*)." Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).  The "good cause" analysis requires a determination that the defaulting

Defendant has met his burden to establish the following three factors weigh in his favor: (1) whether Defendant engaged in culpable conduct that led to the default; (2) whether Defendant can establish a meritorious defense; or (3) whether setting aside the default would prejudice the non-defaulting party. *See id*. at 926 (*citing American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). If any of the factors weigh against Defendant, or if he does not meet his burden to show that those factors favor lifting default, the Court is free to deny the motion. *Id*.

## IV.   ARGUMENT

It is unclear from Defendant's filing what relief he seeks. If by his filing Defendant seeks to set aside the default – which he must do if he intends to participate in this case and avoid the eventual and likely entry of a default judgment – then his current submission falls short. Rather, he must comply in seeking to set aside default by establishing that the "good cause" standard set forth above has been met. Defendant has not addressed any of the good cause factors.

If, alternatively, Defendant seeks by his filing additional time in which to request that the Court set aside default, Defendant should be prepared to make such a request expeditiously so that the SEC is not prejudiced. Currently, the SEC has sent a discovery demand to a third party to obtain needed information to present the evidence to the Court for certain of the monetary relief it seeks against Defendant Baird. We anticipate that the evidence will be forthcoming in the next 30 days. Once obtained, the SEC expects that it will be prepared to file a motion for default judgment against both Defendants. Accordingly, the SEC believes that any request by Defendant to set aside the default should be made within the next 30 days to avoid prejudicing the SEC.

Finally, it is possible to read the Defendant's filing as a suggestion that the Court simply stay this case. The SEC would oppose such a request, even if appropriately and obviously sought, as the Defendant has offered no valid reason to do so and, additionally, is in default.

## V.   CONCLUSION

For the reasons set forth above, the SEC proposes that, if Defendant's filing is interpreted as a motion for an extension of time in which to move to set aside his default, he should be

required to make such a motion within the next 30 days.

Dated:   August 5, 2022               Respectfully submitted,

   s/ *Susan F. LaMarca*
Susan F. LaMarca
Conditionally Admitted Pursuant to LCR 83.1(c)(2)
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 713-5257
Facsimile: (415) 705-2501
Email: lamarcas@sec.gov
*Attorney for Plaintiff*
*Securities and Exchange Commission*

**Certificate of Service**

I hereby certify that on August 5, 2022, I electronically filed the foregoing response with the Court using the CM/ECF system, and emailed and caused to be mailed by United States Postal Service First Class Mail, to the following non CM/ECF participants:

William Caffee, Esq. (*WCaffee@white-summers.com*)
White Summers Caffee & James, LLP
805 SW Broadway, Suite 2440
Portland, OR 97205
*Counsel for Defendant S-Ray Incorporated*

Stephen Alexander Baird (*chairman@srayinc.com*)
P.O. Box 1175
Terrebonne, OR 97760

Dated:   August 5, 2022

    s/ *Susan F. LaMarca*
Susan F. LaMarca
Securities and Exchange Commission
Conditionally Admitted Pursuant to LCR 83.1(c)(2)
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 713-5257
Facsimile: (415) 705-2501
Email: lamarcas@sec.gov
*Attorney for Plaintiff*
*Securities and Exchange Commission*