UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>S-RAY INCORPORATED and STEPHEN ALEXANDER BAIRD,<br><br>Defendants. | CASE NO. 3:22-cv-5150-JHC<br><br>ORDER RE: DEFAULT JUDGMENT |

# I

## INTRODUCTION & BACKGROUND

This matter comes before the Court on Plaintiff Securities and Exchange Commission's Motion for Default Judgment. Dkt. # 26.

In March 2022, Plaintiff, the Securities and Exchange Commission, brought this securities fraud action against Defendants. Dkt. # 1. On July 11, 2022, the Clerk entered default against Defendants. Dkt. # 20.

Plaintiff now moves for default judgment. Dkt. # 26. The motion is unopposed. *See generally* Dkt. The Court has considered the motion, the support materials, the balance of the case file, and the applicable law. Being fully advised, the Court GRANTS the motion.

ORDER RE: DEFAULT JUDGMENT - 1

# II

# DISCUSSION

A.   Applicable Legal Standards

If a defendant fails to plead or otherwise defend, the clerk enters the party's default. Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). On default judgment motions, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Courts typically consider these factors for a determination of default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are generally disfavored, so "default judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, No. 2:21-cv-01229-JHC, 2022 WL 1984124 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

B.   Application of *Eitel* Factors

   1.   Prejudice to Plaintiff

"[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014)

ORDER RE: DEFAULT JUDGMENT - 2

(citation and internal quotation marks omitted). A default judgment appears to be Plaintiff's only means for recovery. *See Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030 (W.D. Wash. Jan. 31, 2022); *Bd. of Trs. of U.A. Loc. No. 159 Health & Welfare Tr. Fund v. RT/DT, Inc.*, No. C 12-05111 JSW, 2013 WL 2237871, at *4 (N.D. Cal. May 21, 2013) ("Because ERISA provides that federal courts have exclusive jurisdiction for claims of this nature, denial of Plaintiffs' Motion would leave them without a remedy."). Thus, this factor supports default judgment.

2.  Merits of Plaintiff's Claims and Sufficiency of Complaint

"Courts often consider the second and third *Eitel* factors together." *Developers Sur. and Indem. Co. v. View Point Builders, Inc.*, No. C20-0221JLR, 2020 WL 3303046, at *5 (W.D. Wash. Jun. 17, 2022). Accepting the Complaint's allegations as true, Plaintiff presents enough facts to show that Defendants violated Section 10(b) of the Securities Exchange Act of 1934, Rule 10b-5, and Section 17(a) of the Securities Act of 1933. Thus, the second and third *Eitel* factors weigh in favor of Plaintiff.

3.  Sum of money at stake

This factor "considers whether the amount of money requested is proportional to the harm caused." *Sun Life Assurance Co. of Canada v. Estate of Wheeler*, No. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020). Plaintiff seeks disgorgement with prejudgment interest and civil penalties. These are recoverable under the applicable laws. Also, Plaintiff presents explanations of its calculations of the disgorgements amounts and prejudgment interest requested. Dkt. # 27. And Plaintiff presents records from which civil penalties can be calculated. Though Plaintiff requests significant sums, the sums are proportional to its claims, and the fourth *Eitel* factor supports default judgment. *See Bd. of Trs. of U.A. Loc. No. 159*

ORDER RE: DEFAULT JUDGMENT - 3

*Health & Welfare Tr. Fund v. RT/DT, Inc.*, No. C 12-05111 JSW, 2013 WL 2237871, at *4 (N.D. Cal. May 21, 2013).

    4.      Possibility of dispute over material facts

There is no sign that the material facts are in dispute. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The Clerk correctly entered default against Defendants. *See* Dkt. #18. Thereafter, Defendant Baird submitted an ambiguous request for time. Dkt. # 22. The Court allowed Defendant about a month to file a motion to set aside the default, Dkt. # 24, but Defendant did not so move. And nowhere did Defendants indicate that there was a possibility of a dispute over material facts. *See generally* Dkt. So this factor weighs in favor of Plaintiffs.

    5.      Probability that default was because of excusable neglect

The sixth *Eitel* factor assesses whether Defendants' default for failure to appear was because of excusable neglect. *Boards of Trustees of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 2:21-CV-00200-MKD, 2022 WL 1243663, at *4 (E.D. Wash. Apr. 26, 2022). Generally, courts do not find excusable neglect when defendants were properly served with the complaint. *See, e.g., Maersk Line v. Golden Harvest Alaska Seafood LLC*, No. C20-1140-JLR-MLP, 2020 WL 6083464, at *4 (W.D. Wash. Sept. 30, 2020), *report and recommendation adopted*, No. C20-1140 JLR, 2020 WL 6077419 (W.D. Wash. Oct. 15, 2020). Here, Plaintiff served Defendant Baird with the Summons and Complaint. Dkt. # 11. And Defendant S-Ray Incorporated waived service of the summons. Dkt. # 7. This factor weighs in favor of default judgment.

ORDER RE: DEFAULT JUDGMENT - 4

   6.  Policy favoring decision on the merits

Generally, cases "should be decided upon their merits whenever reasonably possible," so courts disfavor default judgment on this factor. *Eitel*, 782 F.2d at 1472. But in this case, Defendants' failure to meaningfully appear or respond "makes a decision on the merits impractical, if not impossible," so the Court is not precluded from granting default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)*; see also Empl. Painters' Trust v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020). Thus, default judgment is an appropriate remedy in this case.

In sum, each *Eitel* factor supports default judgment.

C.  Judgment

Because the Court does not accept the amount of claimed damages as true in a default judgment motion, it must assess whether Plaintiff's claimed damages are appropriate to award. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The plaintiff has the burden of proving its requested damages are supported by evidence. *Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). As indicated above, Plaintiff presents sufficient evidence of its calculation of the disgorgement amounts and prejudgment interest requests. And for the reasons argued by Plaintiff, it is appropriate for the Court to order the injunctive relief requested as well as to impose civil penalties.

ORDER RE: DEFAULT JUDGMENT - 5

# IV

## Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment. Dkt. # 26. The Court ORDERS as follows:

### A.

Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### B.

Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

C.

Pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Baird is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Baird, participating in the issuance, purchase, offer, or sale of any security.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Baird's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Baird or with anyone described in (a).

ORDER RE: DEFAULT JUDGMENT - 7

## D.

Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Baird is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## E.

S-Ray is liable for disgorgement of $1,254,230, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $105,852.15, on a joint and several basis with Baird.

## F.

S-Ray is liable for a civil penalty in the amount of $1,000,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

## G.

Baird is liable for disgorgement of $2,671,618.50, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $470,865.24, in addition to the $1,360,082.15 owed on a joint and several basis with S-Ray.

## H.

Baird is liable for a civil penalty in the amount of $200,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

ORDER RE: DEFAULT JUDGMENT - 8

I.

Defendants S-Ray and Baird shall satisfy the obligations set forth above (paras. V, VI, VII, VIII) by paying the amounts owed to the Securities and Exchange Commission within 30 days after entry of this Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; S-Ray or Baird as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgments for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Judgment.

ORDER RE: DEFAULT JUDGMENT - 9

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.

J.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated this 6th day of December, 2022.

John H. Chun
United States District Judge

ORDER RE: DEFAULT JUDGMENT - 10